IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ANDREW J. IRWIN,

        Plaintiff,

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Case No. 19-CV-289-JFH-KEW

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Kimberly E. West reviewing the decision of the Commissioner of the Social Security Administration ("Commissioner") to deny disability benefits to Plaintiff Andrew J. Irwin ("Irwin"). Dkt. No. 24. Magistrate Judge West recommends the Commissioner's denial of benefits be affirmed. *Id.* Irwin objects. Dkt. No. 25. For the reasons set forth below, the Court agrees with the Magistrate Judge, overrules Irwin's objection, adopts the Report and Recommendation, and affirms the Commissioner's denial of benefits.

## STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." In the disability benefits context, *de novo* review is limited to determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart,* 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453

(10th Cir. 1989)).  It is more than a scintilla, but less than a preponderance.  *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007).  On review, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

## ANALYSIS

Irwin objects to the Report and Recommendation for three reasons:

1. The administrative law judge ("ALJ") failed to properly weigh the opinions of Irwin's long-time treating physician, William Esplin, M.D., and treating physician's assistant, Adon Pearson, PA-C.

2. The ALJ neglected to engage in any discussion regarding the impact that Irwin's lack of finances had on his ability to obtain treatment.

3. The ALJ did not acknowledge Plaintiff's limitations on daily activities and failed to "provide a link" between these activities and Irwin's ability to engage in sustained work on a continuing basis.

Dkt. No. 25.  The Court will address each in turn.

### I. Weight Given to Dr. Esplin's and Mr. Pearson's Opinions

Irwin claims "[i]t does not follow that because an ALJ summarizes [medical] evidence, it can be assumed that he properly considered the evidence when evaluating the opinion evidence." Dkt. No. 25 at 1.  However, Irwin provides no examples of how he believes the ALJ missed the mark on weighing either Dr. Esplin's or Mr. Pearson's opinions.

Regarding Dr. Esplin, an ALJ must provide specific, legitimate reasons for rejecting a medical opinion.  *Doyal,* 331 F.3d at 764.  Further, "an ALJ must give good reasons for the weight assigned to a treating physician's opinion, that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004). "As long as the ALJ provides 'good reasons in his decision for the weight he gave to the . . . opinion[],

2

[n]othing more [is] required[.]'" *Mounts v. Astrue*, 479 Fed. Appx. 860, 865 (10th Cir. 2012) (quoting *Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007)).  As noted by the Magistrate Judge, the ALJ gave sufficiently clear, good reasons for discounting Dr. Esplin's opinion here:

> [W]hile Dr. Espin [sic] did have a treating source relationship with the claimant and regular occasion to observe him, his own records and internal findings on exam are not consistent with such a limiting functional capacity.  In fact, Dr. Espin [sic] rarely every [sic] noted specific physical examination findings with regard to the various body systems he was treating.  Further, in the absence of his own documented observations, other medical evidence of record reflects the claimant did have some abnormal findings with regard to his impairments; however, the same records reflect he experienced improvements with conservative treatment.  Additionally, other records, including some of the most recent records, reflect no abnormalities such as normal gait, normal range of motion in the upper extremities, and/or normal psychiatric findings on exam.

Dkt. No. 16-17 at 18.

Regarding Mr. Pearson, a physician assistant is considered an "other source" rather than an "acceptable medical source."  *See* Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *2 (Aug. 6, 2006) ("Medical sources who are not 'acceptable medical sources' [include] nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists[.]").  An ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." *Id.* at *6.  Here, the ALJ explained that Mr. Pearson's opinion was not supported by the record as a whole regarding "objective findings on exam, conservative treatment, diagnostic imaging, the claimant's own reported daily activities of living, and other opinions about the claimant's functional capacity." Dkt. No. 16-17 at 18.  This is sufficient for a subsequent reviewer to follow the ALJ's reasoning. The Court finds no error.

### II.     Consideration of Irwin's Financial Status

Irwin next claims that "the ALJ neglected to engage in any discussion regarding the impact that Plaintiff's lack of finances had on his ability to obtain treatment." Dkt. No. 25 at 3. Irwin's only citation for this supposed need is to *Madron v. Astrue*, 311 Fed. Appx. 170, 178 (10th Cir. 2009), for the proposition that "[a]n individual's inability to afford treatment is a legitimate issue that the court must consider." Dkt. No. 25 at 3. But *Madron* does not set out a rule that the ALJ must discuss a plaintiff's financial position in general. Its consideration of financial capacity was within discussion of how the ALJ weighed the plaintiff's credibility. 311 Fed. Appx. at 177-78. The Tenth Circuit explained that although "a claimant's failure to follow prescribed medical treatment can suggest that her pain is less than alleged," the *Madron* plaintiff's financial limitations meant that her failure to follow through on recommended treatment was "not substantial evidence of overstated pain." *Id.* at 178-79.

The facts here did not involve an allegation of overstated pain or an assessment of Irwin's credibility, but rather a consideration of Irwin's pain management and its effect on his residual functional capacity. As the Magistrate Judge explained, "although [Irwin] lacked insurance at certain times and had to partially pay for his medication on others, he also had insurance at times" and followed through on a number of medical interventions. Dkt. No. 24 at 14. Moreover, "[h]is medication regimen was noted to be stable in March of 2018, and in October and November of 2018 and again in February 2019, Claimant reported that the amount of pain relief he received from his medication was enough to make 'a real difference in his life . . . .'" *Id.* These factual findings are supported by substantial evidence in the record and do not provide a basis to reverse the ALJ or reject the Magistrate Judge's recommendation.

**III.     Irwin's Daily Activities**

Irwin's last objection is that "the Magistrate Judge, like the ALJ, did not acknowledge the limitations that Plaintiff put on his ability to perform [] meager activities [of daily living]." Dkt. No. 25 at 5.  The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms."  Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10.  Further, the ALJ's evaluation of a claimant's pain or symptoms is to be given deference unless there is an indication the ALJ misread the medical evidence as a whole.  *See Casias,* 933 F.2d at 801.

Contrary to Irwin's suggestion, both adjudicators acknowledged Irwin's limitations and reasonably connected their analyses to his residual functional capacity.  The ALJ found Irwin "independent in self-care" and able to prepare simple meals, wash dishes, take out trash, feed and clean up after pets, drive, shop, attend church, lift 10 to 15 pounds, and play cards.  Dkt. No. 16-17 at 20.[1]  Though Irwin's "medically determinable impairments could reasonably be expected to cause some of [his] symptoms," the ALJ noted that Irwin's "statements about the intensity, persistence, and limiting effects of [his] symptoms are not entirely consistent with the longitudinal record of evidence reflecting mild to benign findings on exam; conservative treatment of same; and the ability to engage in much of his daily activities of living."  *Id.*  Similarly, the Magistrate Judge noted "the ALJ's consideration of Claimant's report of activities, or the inconsistencies therein," and considered it "an appropriate basis for weighing the medical opinions."  Dkt. No. 24 at 14.  The Court finds no error in the evaluation of Irwin's activities of daily living.

---

[1] Irwin presents the Court with various caveats to these activities, such as that he must hold items with both hands, pause after walking half a block, and limit showering to about once a week.  This is an invitation to the Court to reweigh the evidence, which it cannot do.  *White,* 287 F.3d at 905.

5

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Andrew J. Irwin's Objection [Dkt. No. 25] is **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 24] and **AFFIRMS** the Commissioner's denial of benefits.

DATED this 25th day of March 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE